# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TJ SUTTON ENTERPRISES, LLC, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     Case No. 3:22-cv-0022 <br> ) |
| CITADEL RECOVERY SERVICES, LLC, | ) <br> ) |
| Defendant. | ) <br> ) |

**APPEARANCES:**

**Michael L. Sheesley, Esq.**
Michael L. Sheesley, P.C.
St. Thomas, VI
    *For Plaintiff*

**Charles E. Lockwood, Esq.**
**Gregg R. Kronenberger, Esq**.
Dudley Newman & Feuerzeig, LLP
St. Thomas, VI
    *For Defendant*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

**BEFORE THE COURT** is the motion of Defendant, Citadel Recovery Services, LLC (Defendant or Citadel), to transfer venue, filed on June 21, 2022 (ECF No. 13) (Motion or Mot.). Plaintiff, TJ Sutton Enterprises, LLC (Plaintiff or TJ Sutton), filed an opposition to the motion (ECF No. 14), and Defendant filed a reply thereto (ECF No. 17).[1] For the reasons stated below, the Court will grant the motion.

---

[1] Defendant filed a "corrected" motion and memorandum (ECF No. 14 and 15) in response to Plaintiff's observation that Defendant's original motion (ECF No. 13) does not comply with the Court's Local Rules of Civil Procedure and its suggestion that such failure should be grounds for denial of the motion. *See* Opp'n (ECF No. 14) at 1-2 and Reply (ECF No. 17) at 1-2. The Court hereby accepts the "corrected" documents as curing the rule violation and declines Plaintiff's invitation to deny the motion on that ground alone. All references herein to the "motion" are to the original motion docketed at ECF No. 13.

# I. FACTUAL AND PROCEDURAL BACKGROUND

After Hurricanes Irma and Maria caused extensive damage to homes and buildings in the U.S. Virgin Islands in September 2017, the Federal Emergency Management Agency (FEMA) funded the Emergency Home Repair Virgin Islands (EHRVI) recovery program, which was administered by the Virgin Islands Housing Finance Authority (VIHFA). *See* Complaint filed in *Citadel Recovery Services, LLC v. T.J. Sutton Enterprises, LLC, et al.*, Case No. 2:22-cv-00914, Section "G"(4) (E.D. La.), ECF No. 1 (also, ECF No. 13-4, herein) at 4, ¶ 12. As part of the EHRVI program, the VIHFA contracted with prime contractor, AECOM Caribe, LLP (AECOM), to perform construction and repairs in the hurricane recovery efforts. *Id.*; Complaint (ECF No. 1) (Compl.) at ¶¶ 9, 12. AECOM agreed to provide construction repair services for the Sheltering Temporary Essential Power [STEP] Program, a program of EHRVI, and entered into a Master Subcontract with Citadel as a sub-prime contractor as part of STEP. ECF No. 13-4 at 4, ¶ 13. Defendant, Citadel, in turn, subcontracted for some of the construction and repair services with Plaintiff, TJ Sutton. Compl. at ¶ 10. This action arises out of that subcontract.

Plaintiff alleges that it "fully and completely performed all work assigned by Citadel under the Subcontract." *Id.* at ¶ 17. Plaintiff acknowledges that the contract is a "pay when paid" contract. *Id.* at ¶ 19. However, Plaintiff asserts that Defendant delayed providing invoices to AECOM and further alleges that Defendant has received monies from AECOM. *Id.* at ¶¶ 25-26, 28-30. Plaintiff claims that Defendant has refused to pay Plaintiff despite its demands. *Id.* at ¶ 31.

Plaintiff filed the instant action on April 6, 2022. Other cases related to and arising out of the subcontract at issue here also have been filed, including, *Citadel Recovery Services, LLC v. T.J. Sutton Enterprises, LLC, et al.*, Case No. 19-cv-0012271 (E.D. La.); *Citadel v. T.J. Sutton Enterprises, LLC, et al.*, Case No. 2:22-cv-00914 (E.D. La.); *Cotto et al. v. TJ Sutton Enterprises, LLC., et al.*, Case No. 3:21-cv-00016 (D.V.I.); and *TJ Sutton Enterprises, LLC et al. v. Travelers Cas. & Sur. Co.* et al., Case No. 3:20-cv-00043 (D.V.I.).

The 2019 Louisiana case has been voluntarily dismissed. *See* 2:19-cv-0012271 (E.D. La.), ECF Nos. 49-50. The case filed by Citadel in 2022 in the Eastern District of Louisiana is

an interpleader case, where Citadel has deposited monies into the court registry until the court determines which party is entitled to what sums; that suit remains pending. *See* 2:22-cv-00914 (E.D. La.), ECF Nos. 1, 6-7. The *Cotto* case was removed from the Virgin Islands Superior Court to this Court and involves multiple plaintiffs making wage claims against TJ Sutton and an alleged subcontractor under the subcontract at issue in this matter. *See* 3:21-cv-00016 (D.V.I.), ECF No. 1. That matter was referred to arbitration, which remains ongoing. *Id*. at ECF Nos. 69, 120, 123. The case against Travelers Casualty and Surety Co. (Travelers) also was removed to this Court from the Virgin Islands Superior Court and involves TJ Sutton's claims against a payment bond obtained by Citadel from Travelers for the same amounts TJ Sutton claims Citadel owes it as alleged in the matter currently before the Court. *See* 3:20-cv-00043 (D.V.I.), ECF No. 1. On November 17, 2022, the Court granted Citadel's motion to stay pending a resolution of the case in *Citadel v. T.J. Sutton Enterprises*, LLC, Case No. 2:22-cv-00914 (E.D. La.). *See id*. at ECF No. 152.

## II. LEGAL STANDARD

Defendant seeks to transfer this case to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). Mot. at 1. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id*.

Regarding whether venue properly lies in the Eastern District of Louisiana, that is, whether that court is one where the action "might have been brought or . . . to which all parties have consented," the district court there already has determined that it is a proper forum pursuant to the forum selection clause contained in the contract at issue and, further, that the "clause is valid and enforceable." *Citadel Recovery Servs., LLC v. T.J. Sutton Enterprises, LLC*, Civil Action No. 19-12271 Section "G"(4), 2019 U.S. Dist. LEXIS 191413, at *20 (E.D. La. Nov. 4, 2019).

Because the Louisiana district court also has determined that the forum selection clause agreed to by the parties is permissive and not mandatory, *id*. at *17, the Court will examine Defendant's motion to transfer under a traditional section 1404 analysis. *Becton,*

*Dickinson & Co. v. Medline Indus.*, Civil Action No. 21-12929, 2022 U.S. Dist. LEXIS 77382, at *9 (D.N.J. Apr. 28, 2022) (where the court explains the Supreme Court's guidance in *Atlantic Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49 (2013), for deciding a motion to transfer involving a mandatory forum selection clause, but notes, "Neither the Supreme Court nor the Third Circuit has addressed whether the *Atlantic Marine* analysis applies to a permissive forum selection clause. However, courts within this district appear to apply a traditional § 1404(a) analysis when presented with a permissive forum selection clause" (collecting cases) (citations omitted))).

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997); *see also Fortay v University of Miami*, Civ. A. No. 93-3443, 1994 WL 62319 at *8 (D.N.J. Feb. 17, 1994) ("The decision whether to transfer an action rests in the sound discretion of the trial court 'appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another'") (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)). Moreover, the "moving party bears the burden of establishing that a change of venue is warranted." *Reed v. V.I. Water & Power Auth.*, Civil No. 2014-73, 2014 U.S. Dist. LEXIS 176066, at *13 (D.V.I. Dec. 22, 2014) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

It goes without saying that three factors the court must consider in its analysis are enumerated in the statute, namely, the convenience of the parties, the convenience of the witnesses, and the interests of justice. *In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). In addition, courts in this judicial circuit typically weigh the additional factors listed by the Third Circuit in *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879-80 (3d Cir. 1995).

> These factors include private interest factors interpreting the "convenience" language of § 1404(a) and public interest factors interpreting the "interests of justice" language. *Costello v. Novartis Pharmaceuticals Corp.,* 2006 U.S. Dist. LEXIS 34126, 2006 WL 1479800 at *1 (E.D. Pa. May 25, 2006); *see Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947); *Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 609 (3d Cir. 1991).

>The private interest factors include: (1) "plaintiffs forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses;" and (6) "the location of books and records (limited to the extent that the files could not be produced in the alternative forum)." *Jumara,* 55 F.3d at 879; *see Sandvik, Inc. v. Continental Ins. Co.,* 724 F. Supp. 303, 306 (D.N.J. 1989); *Derry Finance N.V. v. Christiana Cos.,* 555 F. Supp. 1043, 1045 (D. Del. 1983).
>
>The public interest factors include: (1) the choice of law, (2) the trial judge's familiarity with the applicable state law in diversity cases, (3) the local interest in deciding local controversies in the home forum, and (4) other practical considerations regarding the ease, speed, or expense of trial. *See Gulf Oil Corp.,* 330 U.S. at 508-09; *Ricoh,* 817 F. Supp. at 479; *see also Jumara,* 55 F.3d at 879-80 (finding that court may consider additional public interest factors such as enforceability of judgment, administrative difficulty due to court congestion and public policies of the two fora).

*Kendricks v. Hertz Corp.*, Civil No. 2005-0164, 2008 U.S. Dist. LEXIS 62945, at *6-8 (D.V.I. Aug. 18, 2008). Courts weigh "these factors to determine, on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *In re McGraw-Hill*, 909 F. 3d at 57 (quoting *Jumara*, 55 F. 3d at 879 (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3847 (2d ed. 1986))).

### III. DISCUSSION

#### A. Private Interest Factors

##### 1. Plaintiff's preference

It is well established that Plaintiff's preference usually is given great weight. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). At the same time,

>[h]owever, Plaintiff's preference alone is not controlling. *See Jurgelis v. Southern Motors Express, Inc.,* 169 F. Supp. 345, 346 (E.D. Pa. 1959). A plaintiff's choice of forum is "neither dispositive of the transfer analysis nor is it the only factor to be considered." *AT&T,* 736 F. Supp. at 1306. "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." *E.I. Du Pont de Nemours,* 522 F. Supp. at 592; *see Cameli v. WNEP-16 The News Station,* 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001); *Gaskins v. Nat'l Railroad Passenger Corp.,* 2001 U.S. Dist. LEXIS

> 3962, 2001 WL 322518 at *1 (E.D. Pa. Feb. 21, 2001); *Fidelity Leasing, Inc. v. Metavec Corp.,* 1999 U.S. Dist. LEXIS 6737, 1999 WL 269933 at *2 (E.D. Pa. April 29, 1999); *Edwards v. Texaco, Inc.,* 702 F. Supp. 101, 103 (E.D. Pa. 1988); *Kogok v. Fields,* 448 F. Supp. 197, 201 (E.D. Pa. 1978) . . . . The Court must balance Plaintiff's choice of forum against competing interests in this case.

*Kendricks*, 2008 U.S. Dist. LEXIS 62945, at *9-10. Although this factor necessarily weighs against transfer, the Court agrees with Defendant that Plaintiff's assent to submit to the jurisdiction of Louisiana by way of the forum selection clause "diminishes the significance of its choice . . .." Mot. at 6, ¶ 11.

### 2. Defendant's preference

Clearly, this factor weighs in favor of transfer. In addition, Defendant's preference is bolstered by the existence of the forum selection clause, as well as the fact that other related litigation is pending and the monies at issue have been deposited in that forum.

### 3. Convenience of the parties

Turning to the convenience of the parties, the Court finds that Plaintiff is a citizen of North Carolina and Defendant is a citizen of Louisiana. Compl. at ¶¶ 1, 2, and 3. Thus, it arguably would be no less or more convenient for Plaintiff to litigate in Louisiana than it would be to litigate this matter in the Virgin Islands and much more convenient for Defendant to be in its home state. Plaintiff's claim that simply because both parties chose to conduct some business in the Virgin Islands does not support its conclusion that it is necessarily convenient for them to litigate here. Also, since the matters at issue concern the underlying contract between the parties and monies owed under the contract and not the actual performance of the contract, where the contract was performed has little impact upon resolution of those issues.

"The court may also consider . . . whether a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation." *Pall Corp. v. PTI Technologies, Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998). In the instant matter, both parties are limited liability companies and are in a position to absorb the costs of litigating either in the Virgin Islands or Louisiana.

Considering these facts together, the Court finds this factor slightly favors transfer.

### 4. Convenience of the witnesses

The Court observes that, generally, the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc.*, Civil No. 93-3107, 1993 U.S. Dist. LEXIS 12973, at *11,1993 WL 372217, at *4 (E.D. Pa. Sept. 17, 1993) (citation omitted) *cited in Fellner v. Philadelphia Tobaggan Coasters, Inc.*, Civil Action No. 05-1052, 2005 U.S. Dist. LEXIS 23839, at *16-17 (E.D. Pa. Oct. 18, 2005). Plaintiff identifies no specific witnesses. In support of its argument that this factor weighs against transfer, Plaintiff merely states:

> Because all the contracted-for construction took place in the Virgin Islands, all of the properties and homes on which TJ Sutton performed its services are in the Virgin Islands. All the homeowners are in the Virgin Islands. The VIHFA and the Recorder of Deeds is located in the Virgin Islands. TJ Sutton is a North Carolina company which has chosen the Virgin Islands as a convenient forum.

Opp'n at 8. This argument fails to address the convenience of the witnesses. As succinctly stated by Defendant, "This is a dispute between two non-Virgin Islands parties about whether one party paid the other under a contract that was not negotiated in the Virgin Islands. There is no dispute about the work performed or the properties on which it was performed." Reply at 4, ¶ 9. The Court finds that the completed construction itself is not material to resolution of the issues presented in the matter at bar. Thus, witnesses whose testimony would go to the work performed or the properties where the work was performed would not be likely to be called.

Defendant identifies potential witnesses as "personnel working for each party who dealt with the business relationship." Mot. at 6, ¶ 14. Defendant continues, "Those personnel will not be in the Virgin Islands, but in Louisiana and North Carolina." *Id*. Defendant does not, however, provide any names, addresses, and a summary of each witness's potential testimony. *Gonzalez*, 1993 U.S. Dist. LEXIS 12973, at *11-12 (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 n.2 (3d Cir. 1973)).

Further, based upon the representations of Defendant, compelling the attendance of non-party witnesses should not be a concern. *Jackson v. Executive Airlines, Inc.*, Civ. No. 2000-121, 2001 U.S. Dist. LEXIS 8004, at *12 (D.V.I. June 7, 2001) (*citing* Charles Alan Wright,

Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* 15 § 3851 (2d ed. 1986)) (where the court, as part of its analysis of this factor, gives consideration to the 100-mile reach of its subpoena power and whether or not the witnesses are employees of a party and their presence can be obtained by that party).

Given the foregoing, and despite Defendant's failure to carry its burden of proof, the Court finds this factor to be neutral.

### 5. Location of book and records

Plaintiff declares that "*all* the construction permits, inspections, licenses, and other official documentation will be located in the Virgin Islands." Opp'n at 8 (emphasis in original). The Court finds that these documents lack significance to the claims at issue in this case, where invoices and other documents supporting the amount due and owing under the terms of the contract are the most relevant.

Notwithstanding Defendant's claim that all the relevant books and records are located outside of the Virgin Islands, the Court finds that the physical evidence of relevant records and documents can be transported easily or otherwise obtained. Thus, the location of this evidence merits little weight. *See, e.g., Gonzalez*, 1993 WL 372217 at *4. The Court determines that this factor is neutral.

### B. Public Interest Factors

### 1. Enforceability of judgment

Defendant argues that, because it already has deposited monies into the registry of the United States District Court for the Eastern District of Louisiana, any judgment would be easier to enforce in that court, and that, consequently, this factor favors transfer. Mot. at 7, ¶ 16. However, as Plaintiff quotes, this factor "'is not concerned with the *convenience* with which the parties may obtain a judgment; rather, this factor concerns whether a judgment is *capable* of being enforced at all.'" Opp'n at 9 (quoting In re Howmedica Osteonics Corp., 867 F. 3d 390, 406 n.10 (3d Cir. 2017) (citation omitted) (emphasis in original))). Defendant does not argue that any judgment rendered by this Court would be unenforceable. Therefore, the Court finds this factor neutral.

### 2. Practical considerations

These considerations include, for example, the "ease, speed, or expense of trial." *See, e.g., Kendricks*, 2008 U.S. Dist. LEXIS 62945, at *8 (citations omitted). Plaintiff, in its opposition, points to the completed construction as support for its conclusion that a trial in the Virgin Islands would be easier, faster, and less expensive than a trial held in Louisiana. Opp'n at 9. Defendant counters that "nothing about the litigation of this case will involve the properties repaired or any homeowners." Rep. at 4, ¶ 9. The Court agrees with this assessment.

Because the ease and expense of trial favors transfer for Defendant, but does not necessarily favor Plaintiff against transfer, the Court finds that transfer is slightly favored by this factor.

### 3. Local interest in deciding local controversies

Defendant concedes that the dispute at the center of this matter arose "out of work that is important to the Territory. The Territory does have an interest in ensuring that contractors who perform work can rely on their contractual arrangements. Therefore, this factor weighs against transfer . . . ." Mot. at 7, ¶ 18. The Court agrees.

As stated, even though this matter does not center on a local controversy, the people of the Virgin Islands do have an interest in the matter. When considering, as the *Kendricks* court did, the "relationship of the respective communities to which the jurors are required to serve to the occurrences that give rise to the instant litigation," 2008 WL 3914135 at *8, the Court finds that the citizens of the Virgin Islands have as much or even greater interest in the just and fair resolution of this case than the citizens of Louisiana. *See, e.g., Mediterranean Golf, Inc. v Hirsh*, 783 F. Supp. 835, 849-50 (D.N.J. 1991). Consequently, the Court finds that this factor disfavors transfer.

### 4. Familiarity of trial judge with state law

The forum selection clause in the parties' contract at issue specifies that the "Agreement shall be governed by the law of the State of Louisiana." EF No. 1-1 at 10, ¶ 29.3. Although nothing has been brought to the attention of the Court that demonstrates that this Court somehow might be deficient in applying Louisiana state contract law in this case, it cannot be disputed that a district court sitting in Louisiana has vastly more familiarity with

the law to be applied to the claims in this case than this Court. Tellingly, Plaintiff fails to address this factor in its Opposition. ECF No. 14; s*ee also* Rep. at 5. Not only is the Eastern District Court of Louisiana more familiar with the applicable state law, it also will be more familiar with the facts and claims at issue as a result of adjudicating Defendant's interpleader action. Accordingly, this factor weighs in favor of transferring the case.

## IV. CONCLUSION

Based upon the foregoing, the only relevant factors against transfer are Plaintiff's original choice of forum and the local interest in deciding local controversies. Because the Court accords little weight to Plaintiff's choice of forum, the Court finds that the balance of all the factors weighs in favor of transfer and will grant Defendant's motion. An appropriate order follows.

**Dated:** November 22, 2022         /s/ *Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**